FILED
04 JUN 23 AM 9:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MALESHA P. ROBERTS,  }  | |
|    Plaintiff,  } | |
| v.  } | Case No.: CV 02-P-3155-S |
| BLUE CROSS BLUE SHIELD OF ALABAMA,  } | |
|    Defendant.  } | |

ENTERED
JUN 2 3 2004

## MEMORANDUM OPINION

### BACKGROUND

Pending before this court is Defendant's Motion for Summary Judgment filed on September 22, 2003. (Doc. #8). On October 8, 2003, Plaintiff filed a Motion to Extend Time to Respond to Motion for Summary Judgment (Doc. #13), which the court granted on October 9, 2003. (Doc. #15). On November 5, 2003, Plaintiff filed a Notice of Bankruptcy. (Doc. #16).

The court conducted a telephone conference with the parties in light of Plaintiff's bankruptcy filing. The court ordered the parties to further investigate this development and to report back to the court. Concluding that Plaintiff's bankruptcy proceeding was a non-event with respect to Defendant's Motion for Summary Judgment, Plaintiff was given additional time to respond to it. Plaintiff filed her response and evidentiary submission (Docs. #21, #22) on December 12, 2003. On December 30, 2004, Defendant filed its Reply Brief and Motion to Strike Portion of Plaintiff's Affidavit. (Doc. #23).

Plaintiff's Complaint against Defendant alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended. More specifically, Plaintiff complains that Defendant

failed to promote her, subjected her to disparaging treatment and discipline, and discharged her on account of her race. As discussed more fully below, Defendant's Motion for Summary Judgment is due to be granted.

## FACTS[1]

Plaintiff is an African American female, who worked for Defendant's Customer Service Department beginning in September 1996. Defendant disciplined Plaintiff for failing to meet quality assurance and customer availability index standards. Plaintiff had several "unscheduled late" days and excessive absences known as "lost time". Plaintiff's performance appraisals indicate that she needed development, and Plaintiff was counseled by her supervisor regarding her problems in the area of adhering to a schedule.

In January 2002, Plaintiff bid on the position of Customer Accounts Billing Representative ("CABR"). While a different job than that held by Plaintiff, the change would not have resulted in either a pay increase or greater benefits. Plaintiff was not one of the five persons selected to become a CABR.

Plaintiff was discharged in March 2002. Defendant explained to Plaintiff that the bases for its decision were her habitual lateness and prior written discipline. Plaintiff filed a grievance about the adverse employment action, but the decision was upheld. Due to Defendant's practice of hiring employees in groups, neither party can trace who directly replaced Plaintiff.

Defendant has disciplined other employees (black and white) for being late and between January 2002 and February 2003, has discharged three employees (black and white) for performance-related issues.

---

[1] The court views the facts in the light most favorable to Plaintiff, the non-movant.

2

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met her burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

The method used by the party moving for summary judgment to discharge her initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial

burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, she can satisfy her initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy her initial burden on summary judgment is to *affirmatively* show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet her burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets her initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343,

4

358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court is aware that the summary judgment rule applies in job discrimination cases just as in other cases. *Chapman v. AI Transport*, 229 F.3d 1012, 1025 (11th Cir. 2000) (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale).

## DISCUSSION

The analysis of Plaintiff's claims is based not only upon the nature of the allegations but also the type of the evidence offered in support of those claims. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318,1330 (11th Cir. 1998) (noting that "[t]he analytical framework and burden of production var[y] depending on the method of proof chosen"). In general, a plaintiff may attempt to establish a claim of illegal employment discrimination through the use of direct evidence, circumstantial (indirect) evidence, or statistics. *Id.; see also Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (recognizing the availability of either direct or circumstantial evidence). A plaintiff's ability to proceed through the use of circumstantial evidence of discrimination is necessarily important because direct proof of discrimination is uncommon. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1537 (11th Cir. 1997); *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir. 1987). Direct evidence is "[s]uch evidence [which], if believed, proves the existence of a fact in issue without inference or presumption." *Burns v. Gadsden State Community College*, 908 F.2d 1512 (11th Cir. 1990); *see Wright v. Southland Corp.*, 187 F.3d 1287, 1293-94 (11th Cir. 1999) (per Tjoflat, J.) (defining direct evidence as 'evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic" and finding the outcomes reflected in prior case law consistent with that definition).

Here, Plaintiff has attempted to present circumstantial evidence of racial discrimination. "In

evaluating [discrimination] claims supported by circumstantial evidence, [the courts of this circuit] use the now-familiar framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981)." *Combs*, 106 F.3d at 1527 (parallel citations omitted). Under the *McDonnell Douglas* and *Burdine* framework, the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally. *See id.* at 1527-28. The methods of presenting a prima facie case, as well as the exact elements of the case, are not fixed; rather they are flexible and depend to a large degree upon the facts of the particular situation. *See, e.g., Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984); *Lincoln v. Board of Regents of Univ. Sys.*, 697 F.2d 928, 937 (11th Cir. 1983). In general, a plaintiff establishes a prima facie case of disparate treatment employment discrimination by showing that he or she was a qualified member of a protected class and was subjected to an adverse employment action but that otherwise similarly situated employees outside the plaintiff's class were treated dissimilarly.[2] *McDonnell Douglas*, 411 U.S. at 802 (hiring); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (discipline); *see also Nix*, 738 F.2d at 1185 (discipline); *Pittman v. Hattiesburg Mun. Separate Sch. Dist.*, 644 F.2d 1071, 1074 (5th Cir. 1981) (wages).

Once the plaintiff has shown a prima facie case and, thereby, has raised the presumption of discrimination, the burden of production shifts to the employer to articulate a legitimate,

---

[2] *See also McDonnell Douglas*, 411 U.S. at 802 n. 13 ("The facts necessary will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not applicable in every respect in different factual situations.").

nondiscriminatory reason for its actions.[3] *Combs*, 106 F.3d at 1528. The employer "need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254-55; *see Chapman*, 229 F.3d at 1024. If the employer satisfies that burden by articulating one or more such reasons, then the presumption of discrimination is dispersed and the burden of production again shifts to the plaintiff to offer evidence sufficient for a reasonable jury to conclude that the employer's supposedly legitimate reason is merely a pretext for illegal discrimination.[4] When the defendant articulates multiple, reasonable, legitimate and nondiscriminatory reasons, plaintiff must rebut each of defendant's proffered reasons. *Chapman*, 229 F.3d at 1024-25. Although the prima facie case is irrelevant once the employer has offered a legitimate reason for its actions, the evidence of pretext may include the same evidence offered to establish the prima facie case. *Combs*, 106 F.3d at 1528.

Despite this shifting of the burden of production between the plaintiff and the defendant under the *McDonnell Douglas* and *Burdine* framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at. 253. Given that the ultimate burden of persuasion always lies with the employee, a plaintiff may defeat a summary judgment by producing sufficient evidence to allow a rational trier of fact to disbelieve the employer's proffered legitimate reasons, thus permitting but not compelling the trier of fact to make a finding of illegal discrimination. *Reeves v. Sanderson*

---

[3] *See Chapman*, 229 F.3d at 1032 (A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which the employer based its subjective opinion.).

[4] If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. Simply quarreling with that reason is not sufficient. *Chapman*, 229 F.3d at 1030.

7

*Plumbing Prods. Inc.*, 120 S. Ct. 2097, 2108-09 (2000) (pointing out that the production of the necessary sufficient evidence by plaintiff will not always prevent the employer from prevailing on a Rule 50 motion and suggesting that the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other properly considered evidence that supports the employer's case are among other factors to take into account in evaluating a Rule 50 motion); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 (1993); *Abel v. Dubberly*, 210 F.3d 1334, 1339 (11th Cir. 2000); *Alexander v. Fulton County*, 207 F.3d 1303, 1336 (11th Cir. 2000); *Combs*, 106 F.3d at 1529-38 (interpreting *Hicks* and the post-*Hicks* case law); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 920-21 (11th Cir. 1993).

Plaintiff has (apparently quite correctly) conceded her termination claim and her claim that she was denied attendence at an October 2001 banquet. Her failure to address those claims in her opposition brief amounts to an abandonment of them. *See, e.g., Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment); *Bute v. Schuller International, Inc.,* 998 F. Supp. 1473, 1477 (N.D.Ga. 1998) (finding unaddressed claim abandoned); *see also Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned). Plaintiff does not respond to this argument and thus is deemed to have abandoned this claim. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995); *Hudson v. Norfolk Southern Ry. Co.,* 209 F. Supp. 2d 1301, 1329 (N.D.Ga. 2001). *Cf. McMaster v. United States,* 177 F.3d 936, 940-41 (11th Cir. 1999) (claim may be considered abandoned when district court is presented with no argument concerning a claim included in the plaintiff's complaint); *Road Sprinkler Fitters Local Union No.*

*669 v. Indep. Sprinkler Corp.,* 10 F.3d 1563, 1568 (11th Cir. 1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."). Plaintiff does, however, oppose Defendant's summary judgment motion regarding her claims of: 1) discriminatory failure to promote, and 2) discriminatory terms and conditions of employment related to a change in the location of Plaintiff's desk. The court will address each of Plaintiff's remaining claims separately.

Here, Plaintiff's promotion claim fails for two reasons. First, Plaintiff cannot argue that a move to the position which she sought would have been a promotion. She has failed to point the court to any substantial evidence which suggests there were any differences in pay, benefits, job duties, or responsibilities between her current job and the job to which she sought to transfer. Moreover, Defendant has shown that the Customer Accounts Billing Representative position, which is the subject of Plaintiff's promotion claim, was only a lateral change. "[A] purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action." *Doe v. Dekalb County Sch. Dist.,* 145 F.3d 1441, 1448 (11th Cir. 1998) (quoting *Williams v. Bristol-Myers Squibb Co.,* 85 F.3d 270, 274 (7th Cir. 1996)). As a matter of law and logic, the flip side must be true. Denial of an internal application for a purely lateral transfer is not actionable either. Consequently, Plaintiff was not denied a promotion.

Second, even if the change sought by Plaintiff would amount to a promotion, her claim still must fail. Plaintiff is unable to point to any specific record support for her "promotion" claim. At best, Plaintiff relies generally upon her deposition testimony in an effort to defeat summary judgment. This is insufficient to carry her burden in opposing summary judgment. Based upon her arguments, it appears that Plaintiff believes she possessed sufficient qualifications to have received

9

the position in question. In their briefs, the parties have discussed the qualifications of the persons who were placed into the vacancies in question. It is Plaintiff who has the burden to establish that she was so much more qualified than the incumbent(s) that the disparity virtually "jumps off the page and slaps one in the face." *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1277 (11th Cir. 2002). The phrase "jumps off the page and slaps you in the face" means that the disparities in qualifications must be of such weight and significance that no reasonable person could have chosen the candidate selected over the Plaintiff.[5] *See Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1254 (11t Cir. 2000).

Here, Plaintiff has simply not met the high burden of establishing pretext by presenting "slap in the face" evidence. If anything, it appears the persons placed in the positions were equally or better qualified than Plaintiff. Defendant's Motion for Summary Judgment on Plaintiff's promotion claim is due to be granted.

Nor can Plaintiff's discriminatory work environment claim, premised upon the moving of her desk in July 2001, survive summary judgment. Procedurally, the undisputed facts establish that the claim is untimely under Title VII as Plaintiff did not file her EEOC charge until July 29, 2002, well beyond the 180 day period following the occurrence. *See* 42 U.S.C. § 2000e-5(e)(1). Substantively,

---

[5]This elevated standard for establishing discrimination based on the relative qualifications of the persons seeking a certain position serves the purpose of keeping the federal courts from second-guessing decisions made by employers in the course of their business. *See Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (federal courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."); *Deines*, 164 F.3d at 281 (explaining that "it is not the function of the jury to scrutinize the employer's judgment as to who is best qualified to fill the position.... The single issue for the trier of fact is whether the employer's selection of a particular applicant over the plaintiff was motivated by discrimination.").

it is clear from the Rule 56 record that changing the physical location of Plaintiff's desk did not amount to a legally cognizable adverse employment action because it is not a serious and material change in the terms, conditions, or privileges of employment. As such, Plaintiff cannot establish a prima facie case of discriminatory terms and conditions of employment. Because these two bases are sufficient to dispose of Plaintiff's terms and conditions claim as a matter of law, the court need not address Plaintiff's efforts to show pretext with respect to Defendant's legitimate, nondiscriminatory reasons for moving her desk nor Defendant's somewhat related *Van T. Junkins* arguments.

## CONCLUSION

As set forth above, Defendant's Motion for Summary is due to be granted. The court will enter an Order consistent with this Memorandum Opinion dismissing all of Plaintiff's claims with prejudice.

**DONE** and **ORDERED** this 22rd day of June, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE